# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUSTIN KUCERA,

       Plaintiff,    Case No.

v.    Hon.

WALLED LAKE CONSOLIDATED
SCHOOLS, a governmental corporation,
KEN GUTMAN, in his individual and
official capacities, and MICHAEL
LONZE in his individual and official
capacities

       Defendants.
_____

Joseph X. Michaels (P79084)
Adam M. Taub (P78334)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
117 N. First St. Ste. 111
Ann Arbor, Michigan 48104
(734) 519-0875
jmichaels@ctmlawyers.com
ataub@ctmlawyers.com
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Justin Kucera, by and through his attorneys, CROSON, TAUB, & MICHAELS, PLLC hereby brings this action against Defendants Walled Lake Consolidated Schools, Ken Gutman, and Michael Lonze, and hereby states as follows:

1

# INTRODUCTION

1. Plaintiff Justin Kucera is a dedicated public school social studies teacher and basketball and baseball coach who formerly taught at Walled Lake Consolidated Schools in Walled Lake, Michigan. While employed at Walled Lake, Plaintiff strove to uphold the District's mission to educate young people and prepare them for the world.

2. Plaintiff is also a political conservative, republican, and supporter of former President Donald Trump during the 2020 election. In July 2020, Plaintiff posted a series of political messages on his personal twitter account, including that "Donald Trump is my president," that schools should reopen in the fall, and that political liberals were attempting to divide us and "suck". Even though many strongly disagree with these opinions, they are all political speech protected from government intrusion under the U.S. and Michigan constitutions.

3. However, as a result of this protected speech, Defendants unlawfully and illegally retaliated against Plaintiff and denied him equal protection under the law. Due to his tweets—and his tweets alone—Plaintiff was summarily terminated from his position with the District. Defendants made the decision to terminate Plaintiff for such speech even though many other teachers had participated in the long and proud history of educators being involved in politics and political activism outside of the classroom.

4. Plaintiff thus brings this civil-rights action pursuant to the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Article I, §§ 2 and 5 of the Michigan Constriction of 1963 to remedy unconstitutional violations of his rights to freedom of speech and equal protection in public employment and to ensure that public employees such as himself are free to speak their views without fear of politically motivated reprisals based on their right to free speech.

## PARTIES, JURISDICTION, AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as the claims asserted arise out of federal constitutional and statutory law, namely 42 U.S.C. § 1983 and U.S CONST. AMEND. I, XIV.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to this claim took place in this district and Defendants are either governmental entities within the district or individuals who reside in this district.

7. Plaintiff Justin Kucera is an individual who resides in Walled Lake, Michigan in the County of Oakland.

8. Defendant Walled Lake Consolidated Schools is a government body created by and operated under the laws of the State of Michigan. It exercises governmental control in Oakland County, MI.

9. Defendant Ken Gutman is a managerial employee at Defendant Walled Lake Consolidated Schools. Upon information and belief, he resides in Oakland County.

10. Defendant Michael Lonze is a managerial employee at Defendant Walled Lake Consolidated Schools. Upon information and belief, he resides in Oakland County.

## STATEMENT OF FACTS

11. Plaintiff Justin Kucera is a former social studies teacher, baseball, and basketball coach employed by Defendant Walled Lake Consolidated Schools.

12. In 2017, after graduating from the University of Michigan and receiving his teaching Certificate, Plaintiff began teaching at Walled Lake Western High School.

13. Throughout his employment, Plaintiff ultimately reported to Defendant Ken Guttman, the superintendent of Walled Lake Consolidated Schools.

14. Mr. Kucera was dedicated to education, his students, and advancing the goals of Walled Lake Consolidated Schools.

15. Throughout his employment, Mr. Kucera was well qualified for the positions that he held and performed them diligently and competently.

16. At times relevant to this suit, Plaintiff taught social studies at Walled Lake Western High School and coached the school's baseball and basketball teams.

4

17. Throughout his entire educational career, Plaintiff has treated all students, parents, administrators, and co-workers with respect and dignity, no matter their political beliefs.

18. In June 2020, during a period of nationwide discussion on many important topics, Plaintiff posted many political messages to his personal Twitter account, including retweeting support for the family of George Floyd.

19. Plaintiff also participated in public discussions regarding restrictions put in place to combat the coronavirus pandemic, including by re-tweeting President Trump's message that "SCHOOLS MUST OPEN IN THE FALL!!!" and posting regarding hospitalization numbers in states that had lifted restrictions.

20. On July 6, 2020, Plaintiff tweeted the following:



21. Another Twitter user responded to this tweet by saying "it's a shame the liberals have been trying so hard to get him out of office instead of working with him. he [sic] would've accomplished much more, and that is on top of the great

5

accomplishments he has made for our nation. can't [sic] wait to see sleepy joe [sic] against him in the debates." Plaintiff responded by saying, "liberals suck man."

22. Expectedly, Plaintiff received a mixed reaction to these tweets, with some in favor of his statements, and others disapproving.

23. Plaintiff, however, did not discuss his political views in the classroom, and all debate regarding this matter took place on social media outside of school grounds.

24. Further, Plaintiff's Twitter account was his own personal account and was not owned by, maintained, or affiliated with Defendant Walled Lake Consolidated Schools in any fashion.

25. Nonetheless, following these tweets, Defendants immediately began the process of terminating Plaintiff.

26. On July 10, 2020 Plaintiff was summoned to an investigatory meeting via zoom with Defendant Michael Lonze, the District's Assistant Superintendent for Human Resources, and others.

27. Plaintiff was questioned both over his Tweet supporting former President Trump and his subsequent "liberals suck man" comment.

28. Plaintiff stated that the response to his Tweet had been 50/50 in terms of support and that he had never brought his politics into the classroom.

29. On July 15, 2020, Defendant Gutman met with Plaintiff via Zoom and demanded that Plaintiff resign.

30. On July 16, 2020, Plaintiff refused Defendant Gutman's demand that Plaintiff resign his position because he had exercised his First Amendment rights.

31. Defendant Guttman and Defendant Lonze then made the decision to terminate Plaintiff for his constitutionally protected speech.

32. On July 17, 2020 Plaintiff received a letter from Defendant Lonze terminating Plaintiff for "a lack of professional judgment."

33. The sole motivation for Plaintiff's termination was retaliation for his exercise of his constitutionally protected speech.

34. Plaintiff then met with Defendant Gutman on July 22, 2020 after his termination was already effective.

35. In that conversation, Mr. Gutman demanded that if Mr. Kucera wanted to return to work, he must admit "wrongdoing," accept a suspension, and promise to do "better".

36. Each of these actions had a substantial chilling effect on Plaintiff's constitutionally protected right to free speech and constituted an unconstitutional condition on his employment.

37. Shortly after the meeting, Plaintiff informed Defendant Gutman that he would not submit to these unconstitutional and retaliatory conditions.

38. In a meeting on August 4, 2020, Defendant Walled Lake Consolidated School District's Board of Education, its highest decision-making body, ratified Defendants Gutman and Lonze's decision and terminated Plaintiff.

39. Defendants terminated Plaintiff for his political speech despite other similarly-situated employees making similarly-natured social media posts in favor of liberal political causes without professional consequence.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983: U.S. CONST. AMEND. I
*(Against all Defendants)*

40. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. The Defendants are all "persons" covered by the meaning of 42 U.S.C. § 1983.

42. At all relevant times, Individual Defendants acted under color of state law by virtue of the performance of their duties as employees of Defendant Walled Lake Consolidated Schools, which is created by and operated under the laws of the State of Michigan.

43. Plaintiff engaged in protected activity under the First Amendment of the United States Constitution by posting protected speech to his personal Twitter account as a private citizen concerning issues of public concern including but not

limited to coronavirus restrictions, his support of President Trump, and his opinions on national politics.

44. Plaintiff suffered an objectively adverse employment action when he was terminated on July 17, 2020.

45. The adverse action taken against Plaintiff was motivated in significant part by Plaintiff's constitutionally protected speech.

46. But for Plaintiff's exercise of his constitutionally protected right to free speech, he would not have been terminated by Defendants.

47. On or about July 22, 2020 Defendants placed unconstitutional conditions on Plaintiff's employment by conditioning future employment on an admission of wrongdoing and a promise "to do better" by Plaintiff.

48. Individual Defendants violated Plaintiff's clearly established constitutional right to be free of retaliation for speech under the First Amendment to the U.S. Constitution and are not entitled to qualified immunity.

49. These actions were undertaken via a policy, practice, or procedure of Defendant Walled Lake Consolidated Schools.

50. The actions of the Individual Defendants were all ratified and supported by Defendant Walled Lake Consolidated Schools' School Board, its highest decision.

51. As a result of Individual Defendants' unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

52. The Individual Defendants' actions were done intentionally and/or with reckless disregard to Plaintiff's federally-protected rights, entitling him to punitive damages.

53. Plaintiff also seeks an injunction against the Individual Defendants in their official capacity reinstating Plaintiff to his position and preventing any further unconstitutional actions under *Ex Parte Young*, 209 U.S. 123 (1908).

## COUNT II
## EQUAL PROTECTION VIOLATION
## 42 U.S.C. § 1983: U.S. CONST. AMEND. XIV
*(Against All Defendants)*

54. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

55. The Defendants are all "persons" covered by the meaning of 42 U.S.C. § 1983.

56. At all relevant times, Individual Defendants acted under color of state law by virtue of the performance of their duties as employees of Defendant Walled Lake Consolidated Schools, which is created by and operated under the laws of the State of Michigan.

57. Plaintiff suffered an objectively adverse employment action when he was terminated on July 17, 2020.

58. Plaintiff was treated differently than similarly situated teachers based on his political beliefs and there was no rational basis for the differential treatment such that Defendants' treatment of Plaintiff was arbitrary and capricious.

59. Individual Defendants undertook these actions under color of state law.

60. Individual Defendants violated Plaintiff's clearly established constitutional right to equal protection under the Fourteenth Amendment to the U.S. Constitution and are not entitled to qualified immunity.

61. These actions were undertaken via a policy, practice, or procedure of Defendant Walled Lake Consolidate Schools.

62. The actions of the Individual Defendants were all ratified and supported by Defendant Walled Lake Consolidated Schools' School Board, its highest decision.

63. As a result of Defendants' wrongful actions, Plaintiff suffered and continues to suffer damages, including loss of the value, use, and enjoyment of his property, additional expenditures, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

64. The Individual Defendants' actions were done intentionally and/or with reckless disregard to Plaintiff's federally-protected rights, entitling him to punitive damages.

65. Plaintiff also seeks an injunction against the Individual Defendants in their official capacity reinstating Plaintiff to his position and preventing any further unconstitutional actions under *Ex Parte Young*, 209 U.S. 123 (1908).

## COUNT III
## FREEDOM OF SPEECH
## <u>MICH. CONST. OF 1963, ART. I, SEC. 5</u>
*(Against Defendant Walled Lake Consolidated Schools)*

66. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

67. Defendant Walled Lake Consolidated Schools is a Michigan Governmental entity, subject to the dictates of the Michigan Constitution.

68. Plaintiff engaged in protected activity under the Michigan Constitution by posting protected speech to his personal Twitter account as a private citizen concerning issues of public concern, about coronavirus restrictions, his support of President Trump, and his opinions on national politics.

69. Plaintiff suffered an objectively adverse employment action when he was terminated by Defendant Walled Lake.

70. But for Plaintiff's exercise of his constitutionally protected right to free speech, he would not have been terminated by Defendants.

71. On or about July 22, 2020 Defendant Walled Lake placed unconstitutional conditions on Plaintiff's employment on by conditioning future employment on an admission of wrongdoing and a promise "to do better" by Plaintiff.

72. Defendant Walled Lake Consolidated School's actions against Plaintiff were motivated in significant part by Plaintiff's constitutionally protected speech.

73. As a result of Defendant Walled Lake Consolidated School's unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

74. Plaintiff also seeks an injunction reinstating Plaintiff to his position and preventing any further unconstitutional actions.

## COUNT IV
## EQUAL PROTECTION VIOLATION
## MICH. CONST. OF 1963, ART. I, SEC. 2
*(Against Defendant Walled Lake Consolidated Schools)*

75. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

76. Defendant Walled Lake Consolidated Schools is a Michigan Governmental entity, subject to the dictates of the Michigan Constitution.

77. Plaintiff suffered an objectively adverse employment action when he was terminated on July 17, 2020.

78. Plaintiff was treated differently than similarly situated teachers based on his political beliefs and there was no rational basis for the differential treatment such that Defendant Walled Lake Consolidated Schools' treatment of Plaintiff was arbitrary and capricious.

79. Defendant Walled Lake Consolidated Schools violated Plaintiff's constitutional right to equal protection under the Michigan Constitution.

80. As a result of Defendant Walled Lake Consolidated Schools' unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

81. Plaintiff also seeks an injunction reinstating Plaintiff to his position and preventing any further unconstitutional actions.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Justin Kucera prays that this Honorable Court grant the following remedies:

a. Compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

b. Exemplary and punitive damages in whatever amount he is found to be entitled;

c. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

d. An order of this Court reinstating Plaintiff to the positions he would have if there had been no wrongdoing by Defendants;

e. An injunction of this Court prohibiting any further unconstitutional or illegal acts by Defendants; and

f. An award of interest, costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and all relief requested in this Complaint.

Respectfully submitted,
CROSON, TAUB, & MICHAELS, PLLC

*/s/ Joseph X. Michaels*
Joseph X. Michaels (P79084)
CROSON, TAUB, & MICHAELS, PLLC
117 N. First St. Ste. 111
Ann Arbor, Michigan 48104
(734) 519-0875
jmichaels@ctmlawyers.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN KUCERA,

       Plaintiff,                 Case No.

v.                                         Hon.

WALLED LAKE CONSOLIDATED
SCHOOLS, a governmental corporation,
KEN GUTMAN, in his individual and
Official capacities, and MICHAEL
LONZE in his individual and official
capacities
       Defendants.
_____

  Joseph X. Michaels (P79084)
  Adam M. Taub (P78334)
  CROSON, TAUB, & MICHAELS, PLLC
  Attorneys for Plaintiff
  117 N. First St. Ste. 111
  Ann Arbor, Michigan 48104
  (734) 519-0875
  jmichaels@ctmlawyers.com
  ataub@ctmlawyers.com

_____

**DEMAND FOR JURY TRIAL**

Plaintiff Justin Kucera, by and through his attorneys, CROSON, TAUB, & MICHAELS, PLLC hereby demands a trial by jury on all issues so triable.

                                    Respectfully submitted,
                                      CROSON, TAUB, & MICHAELS, PLLC

                                      */s/ Joseph X. Michaels*

                                        Joseph X. Michaels (P79084)
                                        CROSON, TAUB, & MICHAELS, PLLC
                                        117 N. First St. Ste. 111
                                        Ann Arbor, Michigan 48104
                                        (734) 519-0875
                                        jmichaels@ctmlawyers.com
                                        *Attorney for Plaintiff*

Dated: February 23, 2021